PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN MOODY, | ) | |
| | ) | CASE NO. 4:16CV1805 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NAVIENT SOLUTIONS, INC., | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** |
| | ) | [Resolving ECF No. 21] |

Pending before the Court is Defendant Navient Solution, Inc.'s Motion to Confirm Arbitration Award. ECF No. 21. Plaintiff Benjamin Moody has failed to respond to Defendant's motion, and the time to do so has expired. *See* L.R. 7.1(d) (granting party opposing motion thirty days to file a memorandum in opposition to a dispositive motion). For the reasons that follow, the Court grants Defendant's motion.

**I. Background**

Plaintiff filed a Complaint against Defendant, alleging a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ECF No. 1. Plaintiff alleged that Defendant impermissibly contacted him to seek payment regarding a student loan. *Id*. at PageID #: 2-4. Subsequently, the parties filed a joint stipulation to arbitrate and stay the action pending

(4:16CV1805)

arbitration. ECF No. 15. The Court granted the parties' stipulation and ordered the parties to arbitrate Plaintiff's claim. ECF No. 17.

On October 19, 2017, the arbitrator ruled in favor of Defendant. ECF No. 21-2. The award listed the fees and expenses incurred, but it did not include an award of damages. *Id*. at PageID #: 109. On October 24, 2017, the arbitrator corrected the award to include that Defendant made a counterclaim seeking immediate repayment of the outstanding principle balance of the loans and debt. ECF No. 21-3. The arbitrator awarded Defendant damages in the amount of $21,227.48. *Id.* at PageID #: 111.

Plaintiff sought modification of the award, but the arbitrator denied the request, holding that he only had authority to modify the award for clerical, typographical, or mathematical errors. ECF No. 21-4 at PageID #: 114.

Defendant has now filed its motion to confirm the arbitration award. ECF No. 21.

## II. Standard of Review

Judicial review of an arbitrator's decision is "very narrow." *Lattimer-Stevens Co. Vv. United Steelworkers of America, AFL-CIO, Dist. 27, Sub-Dist. 5*, 913 F.2d 1166, 1169 (6th Cir. 1990). Indeed, it is "one of the narrowest standards of judicial review in all of American jurisprudence." *Id.*

A federal court "must grant [an order confirming an arbitral award] unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. In fact, "[t]he Federal Arbitration Act presumes

(4:16CV1805)

that arbitration awards will be confirmed." *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000) (citing 9 U.S.C. § 9). "Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts. [. . .] [A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987). Under the express terms of the FAA, an award may be vacated only in the following instances:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

### III. Discussion

Rule 47 of the Consumer Arbitration Rules[1] of the American Arbitration Association allows an arbitrator to correct only "clerical, typographical, or mathematical errors in the award."

---

[1] The Consumer Arbitration Rules are available online: https://www.adr.org/sites/default/files/document_repository/Consumer_Rules_Web_0.pdf (last visited March 9, 2018).

(4:16CV1805)

Rule 47 also states "[t]he arbitrator has no power to re-determine the merits of any claim already decided."

The arbitrator modified the award to include a damages award he omitted due to clerical error. *See* ECF No. 21-3 at PageID #: 111 ("[t]he following language in the Award of the Arbitrator shall be replaced to correct clerical error.") (emphasis omitted). Conversely, the arbitrator denied Plaintiff's application to modify the award, because it amounted to "a request for a re-determination of the merits of the claims already decided." ECF No. 21-4 at PageID #: 114.

The Court will not upset the application of Rule 47. The parties agreed to arbitrate through either the American Arbitration Association or JAMS, and the parties arbitrated using the American Arbitration Association. *See* ECF No. 21-5 at PageID #: 122. The arbitration agreement permitted the arbitrator to apply the American Arbitration Association's rules of procedure, so long as those rules were consistent with the Federal Arbitration Act and the Arbitration Agreement. *See id*. at PageID #: 123. The arbitrator's use of Rule 47 to modify the arbitration award to correct a typographical error while also denying Plaintiff's application for modification was proper.

Accordingly, based on the narrow standard under which the Court reviews motions to confirm arbitration awards, the Court hereby confirms the arbitration award.

(4:16CV1805)

## IV.  Conclusion

For the foregoing reasons, the Court hereby grants Defendant's motion to confirm arbitration award.  The Court confirms the arbitration award of the American Arbitration Association issued on or about October 19, 2017 ([ECF No. 21-2](ECF No. 21-2)) and clarified on October 24, 2017 ([ECF No. 21-3](ECF No. 21-3)) in case number 01-16-0004-9305.  A separate judgment entry will issue.


IT IS SO ORDERED.


 April 6, 2018         */s/ Benita Y. Pearson*
Date        Benita Y. Pearson
       United States District Judge